| | | |
|---|---|---|
| **ROSA I. RAMIREZ,** | § | |
| *Plaintiff* | § | |
| | § | **EP-17-CV-00391-RFC** |
| **-vs-** | § | |
| | § | |
| **NANCY A. BERRYHILL, ACTING** | § | |
| **COMMISSIONER OF THE SOCIAL** | | |
| **SECURITY ADMINISTRATION;** [1] | | |
| *Defendant* | | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claims for disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties consented to trial on the merits before a United States Magistrate Judge, and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## I. PROCEDURAL HISTORY

Plaintiff first filed a Title II application alleging disability from October 9, 2011. (R:82). Plaintiff's first claim was denied on April 2, 2012, denied upon reconsideration on June 14, 2012, and denied by the Administrative Law Judge ("ALJ") on August 28, 2013. (R:82–90). The

---

[1] On March 6, 2018, the Government Accountability Office determined that Nancy Berryhill's continued service as Acting Commissioner of Social Security violated the Federal Vacancies Reform Act of 1998. GOVERNMENT ACCOUNTABILITY OFFICE, *Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998—Commissioner, Social Security Administration* (2018), https://www.gao.gov/assets/700/690502.pdf. Accordingly, this position is now vacant.

Appeals Council denied Plaintiff's request for review on February 24, 2014, and she did not appeal the Council's decision. (R:95–97). Thus, the ALJ's decision became final on August 28, 2013.

In the current case, Plaintiff filed a second application for DIB on March 4, 2014, with an alleged onset date of March 16, 2012. (R: 42, 205–06). Plaintiff's claim was denied on June 27, 2014, and upon reconsideration on October 1, 2014. (R:129, 134). A video hearing was held before the ALJ on August 25, 2016, and the ALJ issued an unfavorable decision on September 7, 2016. (R: 51, 57–75). Because Plaintiff's first application for DIB was denied on August 28, 2013, the alleged onset date of her current disability claim will be August 29, 2013. (R:42, 90; ECF. No. 21:1).

## II.    ISSUE

Plaintiff presents the following issues for review:

1. Whether the ALJ erred in his evaluation of Plaintiff's treating physicians and nurse;
2. Whether the ALJ erred in his evaluation of Plaintiff's obesity; and
3. Whether the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain.

(ECF. No 21).

## III.    DISCUSSION

### a.    Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is more than a scintilla, but less than a preponderance, and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339) (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**b.    ALJ's Hearing Decision**

At the first step, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 16, 2012. (R:44). At the second step, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus II, osteoarthritis, osteoporosis, and hypertension. (*Id.*). Further, Plaintiff had the following non-severe impairments: shoulder pain, high cholesterol, dizziness, and gastroesophageal reflux disease. (R:45). At the third step, the ALJ

found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (*Id.*).

Before the fourth step, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work. (R:46). Plaintiff can occasionally climb ramps and stairs but cannot climb ladders, scaffolds and ropes. (*Id.*). Plaintiff can perform frequent balancing, stooping, kneeling, crouching, and crawling. (*Id.*). Finally, Plaintiff should avoid unprotected heights and dangerous moving machinery, but Plaintiff has the ability to avoid normal workplace hazards such as boxes on the floor. (*Id.*).

At the fourth step, the ALJ found Plaintiff capable of performing past relevant work as a home health aide. (R:50). Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from August 29, 2013, through the date of the ALJ's decision. (*Id.*).

### c.    The ALJ Gave Plaintiff's Treating Physicians and Nurse the Proper Weight

Plaintiff contends that the ALJ failed to give the medical opinions of Plaintiff's treating physicians and nurse practitioner the proper weight. (ECF. No. 21:4–7). Specifically, the ALJ erred by failing to discuss the factors required by 20 C.F.R. § 404.1527(c)(2) when he rejected the medical opinions of Dr. Fernando Aviles, Dr. Augustine O. Eleje, Dr. Oneyma E. Amakiri, and Nurse Hazel Padilla. (ECF. No. 21:4–5). Had the ALJ given these opinions the proper weight, the ALJ would have found Plaintiff's RFC to be far more restrictive. (*Id.*).

### i.  Dr. Eleje's Opinion and Dr. Aviles's Opinion

Dr. Eleje's opinion and Dr. Aviles's opinion were both fully addressed in Plaintiff's prior case on August 28, 2013. (R:88–89). Dr. Eleje's opinion was given in February 2012 and Dr. Aviles's opinion was given in May 2013. (R:501–04, 514–16). The ALJ explicitly declined to

reopen Plaintiff's prior decision, and any evidence from the previous period is relevant only in a historical context. (R:42).Thus, the ALJ did not err by failing to discuss the medical opinions of Dr. Eleje and Dr. Aviles. *See Brown v. Astrue*, 344 F. App'x 16, 20 n.3 (5th Cir. 2009) ("If a claimant fails to timely appeal the denial of a disability claim, the claim becomes final and res judicata bars the claimant from seeking disability for that same period in a subsequently filed application."); 20 C.F.R. § 404.957 (c)(1).

### ii. Dr. Amakiri's Opinion.

Substantial evidence supports the ALJ's opinion regarding Dr. Amakiri. Plaintiff visited Dr. Amakiri on May 19, 2014. (R:551). During this visit, Dr. Amakiri concluded that Plaintiff had "limitations with handling objects, carrying, lifting, moving about and standing." (R:554). Plaintiff required the assistance of a walker and possessed an unsteady gait. (*Id*.). However, due to contradicting medical evidence, the ALJ only gave Dr. Amakiri's opinion only some weight. (R: 49–50).

A treating physician's opinion regarding the nature and severity of a patient's condition should be accorded controlling weight in determining disability if it is: (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) not inconsistent with other substantial evidence. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). The ALJ may assign little or no weight to the opinion of any physician for good cause. *Id*. at 455–56. Good cause exists where statements are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005) (emphasis omitted).

Absent reliable medical evidence from a treating or examining physician controverting Plaintiff's treating physician, an ALJ may reject the opinion of a treating physician only if the

ALJ performs a detailed analysis of the treating physician's views under the applicable federal regulation. *Newton*, 209 F.3d at 453. Specifically, the regulation requires consideration of:

1. Length of the treatment relationship and the frequency of examination;
2. Nature and extent of the treatment relationship;
3. Supportability;
4. Consistency;
5. Specialization; and
6. Other factors that tend to support or contradict the opinion.

20 C.F.R. § 404.1527(c)(2). Where such evidence does exist in the record, however, consideration of the six factors is not necessary. *See Bullock v. Astrue*, 277 F.App'x. 325, 329 (5th Cir. 2007) (per curiam) (indicating that consideration of the six factors is only necessary absent controverting reliable medical evidence from a treating or examining physician); *see also Qualls v. Astrue*, 339 F.App'x. 461, 466–67 (5th Cir. 2009) ("The Newton court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it.").

In the present case, medical evidence from another treating or examining physician supports the ALJ's decision, and thus, the ALJ was not required to undergo the six-factor analysis under 20 C.F.R. § 404.1527(c)(2). First, Plaintiff visited Dr. Paisith Piriyawat on May 20, 2014, for a neurological evaluation. (869–70). In this visit, Dr. Piriyawat noted that Plaintiff's gait was antalgic due to pain in her right hip and knee, but outside of those factors, Plaintiff's gait was normal with no weakness, ataxia, or festination. (R:870). Plaintiff was able to walk, and her upper and lower extremities were normal bilaterally. (R:870).

Further, Plaintiff visited Dr. Jose Gonzalez on May 18, 2016, and May 26, 2016. (R:566–76). In both visits, Dr. Gonzalez found Plaintiff's extremities and gait to be normal. (R:566–76). Dr. Gonzalez even recommended aerobic exercise for 30 minutes a day, at least three times a week. (R:571). Evidence from Dr. Piriyawat and Dr. Gonzalez supports the ALJ's decision, and

the ALJ did not err by failing to evaluate Dr. Amakiri's opinion under 20 C.F.R. § 404.1527(c)(2).

### iii. Nurse Padilla's Medical Source Statement

Nurse Padilla completed a medical source statement ("MSS") on December 18, 2014. (R:558–61). In the MSS, Nurse Padilla indicated that Plaintiff could lift/carry less than 10 pounds; could stand/walk less than 2 hours in an 8-hour workday; limited in both upper and lower extremities for pushing and pulling; and could occasionally reach, handle, finger, and feel. (R:558–61). The ALJ gave her opinion little weight. (R:50).

As an initial matter, unlike Dr. Amakiri's opinion, Nurse Padilla's medical source statement qualifies as "other source" opinion, and evidence from "other sources" may be used to show the severity of an impairment and how it affects the individual's ability to function. 20 C.F.R. §§ 404.1527(f); 404.1513(a)(2); 416.913(a)(2); *see Thibodeaux v. Astrue*, 324 F.App'x. 440, 445 (5th Cir. 2009) ("Only 'acceptable medical sources' can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical opinions may be entitled to controlling weight."). Further, for "other source" opinions, the ALJ is not required to consider every weight determining factor; however, the ALJ should examine factors applicable to the particular circumstances. *See* SSR 06–03p, at *5; 20 C.F.R. § 404.1527(f); *see also Adkins v. Berryhill*, No. 3:16-CV-000459-RFC, 2017 WL 1185235, at *7–8 (W.D. Tex. Mar. 29, 2017) (holding hearing officer's consideration of two factors was sufficient).

In this case, the ALJ did not disregard Nurse Padilla's opinion. To the contrary, the ALJ considered her opinion and gave it little weight because of the same contradicting medical evidence mentioned above. (R:50). Thus, substantial evidence supports the ALJ's findings.

**d.    The ALJ Committed Harmless Error in Considering Plaintiff's Obesity**

Next, Plaintiff argues that her obesity "should have been considered in combination with other impairments in making Plaintiff's RFC determination." (ECF. No. 21:7). Specifically, the combination of "Plaintiff's severe impairments and obesity has a considerable effect on Plaintiff's functional abilities to stand and walk." (ECF. No. 21:8).

Obesity should be considered in making Plaintiff's RFC determination and in Plaintiff's ability to perform work activities. *Hobbs v. Astrue*, 627 F. Supp.2d 719, 727 (W.D. La. June 10, 2009). While obesity is not a listed impairment, it can cause significant limitations and can reduce an individual's ability to work in combination with other ailments. *Beck v. Barnhard*, 205 F.App'x 207, 211 (5th Cir. 2006) (citing SSR 02–1p).

In this case, the ALJ erred by not discussing Plaintiff's obesity in combinations with Plaintiff's other ailments; however, the error was harmless.[2] In determining Plaintiff's RFC, the ALJ did evaluate Plaintiff's diabetes mellitus II, osteoarthritis, osteoporosis, hypertension, and high cholesterol. (R: 44–50). While the ALJ did not explicitly discuss obesity, the ALJ considered the impact of Plaintiff's obesity when he evaluated the severity of Plaintiff's other ailments, all of which are caused or aggravated by Plaintiff's obesity. *See Hobbs, 627* F. Supp.2d at 727 (indicating that the ALJ committed harmless err by failing to explicitly discuss the impact of obesity); *see also Chapa v. Astrue*, No. C–12–009, 2012 WL 4797117, at *15 (S.D.Tex. 2012) ("Because the ALJ's RFC assessment contemplated all the evidence regarding plaintiff's health, and that evidence necessarily reflected the impact of his weight, the decision was supported by substantial evidence notwithstanding his failure to explicitly discuss plaintiff's obesity.").

---

[2]  Plaintiff's BMI fluctuated between 30.54 and 35.4. (R: 451, 456, 554, 469, 575, 580, 618, 772, 778, 784). Under National Institute of Health's Clinical Guidelines, Plaintiff's obesity ranged from Level I, 30.0–34.9, to level II, 35.0–39.9. SSR 02–1p.

**e.     The ALJ Did Not Fail to Accommodate for Plaintiff's Pain**

Finally, Plaintiff argues that the ALJ failed to accommodate for Plaintiff's pain in formulating Plaintiff's RFC. (ECF. No. 21: 8–9). Specifically, the ALJ failed to articulate reasons for rejecting Plaintiff's complaint of pain. (ECF. No. 21:8).

The fact that Plaintiff has some pain or discomfort will not render her disabled. *Villalba v. Berryhill*, No. 17–2114, 2018 WL 3212450, at *14 (S.D. Tex. June 29, 2018); 42 U.S.C. § 423. First, there must be objective medical evidence showing the existence of a physical or mental impairment which could reasonably be expected to cause pain. 42 U.S.C. § 423 (5)(A). Further, pain constitutes a disabling condition only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). Finally, an ALJ's credibility findings on a claimant's subjective complaints of the pain are entitled to considerable deference. *Villalba v. Berryhill*, No. 17–2114, 2018 WL 3212450, at *14 (S.D. Tex. June 29, 2018).

In the present case, the ALJ properly considered Plaintiff's pain in formulating Plaintiff RFC. First, at step two, the ALJ found Plaintiff's shoulder pain to be non-severe. (R:45). Further, in formulating Plaintiff's RFC, the ALJ considered: Plaintiff's finger, joint, back, and leg pains; Plaintiff's restrictions regarding walking, sitting, kneeling, hearing, climbing, and using her hands; and Plaintiff's testimony that she could only lift  three or four pounds. (R:47). Based on these findings, the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged pain; however, the ALJ questioned the intensity, persistency, and the limiting effects. (*Id*.). For example, the ALJ questioned the intensity of Plaintiff's pain from her osteoarthritis and osteoporosis because Plaintiff had no complaints of pain, was exercising, and the physical examinations failed to show any deficits during visits through May 2013. (R:47).

Moreover, in forming Plaintiff's RFC, the ALJ considered Plaintiff's visit to Dr. Piriyawat and Dr. Gonzalez. (R:47–48). As mentioned earlier, during these visits, Plaintiff did not show any signs of serious pain. During Plaintiff's visit with Dr. Piriyawat, Dr. Piriyawat recorded that Plaintiff had an antalgic gait due to pain in her right hip and knee, but Plaintiff's gait was normal with no weakness, ataxia, or festination. (R:870). Further, Dr. Piriyawat noted that Plaintiff was able to walk, and she had no weaknesses in her extremities. (R:870). During Plaintiff's visits with Dr. Gonzalez, Dr. Gonzalez found Plaintiff's extremities and gait to be normal and even recommended exercise. (R:566–76).

Finally, the ALJ rejected Plaintiff's complaint of pain because her daily activities were inconsistent with her alleged levels of pain. *See Reyes v. Sullivan*, 915 F.2d 151, 154 (5th Cir. 1990) ("[T]he inconsistencies between Reyes' testimony about his limitations and his daily activities were quite relevant in evaluating his credibility."). In this case, Plaintiff's daily activities included: shopping, driving, handling money, watching television or listening to the radio, interacting and visiting with friends and family, and attending church when possible. (R:49, 59–75). Thus, based on the evidence, the ALJ did not fail to consider Plaintiff's pain in formulating Plaintiff's RFC, and his opinion is supported by substantial evidence.

## IV.    CONCLUSION

The Court concludes that the ALJ's findings are supported by substantial evidence. The ALJ properly considered the opinions of Plaintiff's treating physician and nurse, committed harmless error regarding Plaintiff's obesity, and properly considered Plaintiff's complaints of pain. Thus, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED.**

**SIGNED** this 25th day of July, 2018.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE